**Narinder Singh BAJAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70769.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.[*]

Decided May 22, 2006.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**684**

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Narinder Singh Bajaj, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We lack jurisdiction to review the IJ's determination that petitioner is statutorily ineligible for asylum based on the one-year time bar. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005).

We also lack jurisdiction to consider petitioner's Convention Against Torture claim because he failed to exhaust this claim before the BIA or the IJ. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We have jurisdiction under 8 U.S.C. § 1252 to review the withholding of removal claim. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and grant the petition.

Substantial evidence does not support the IJ's adverse credibility finding because it was based on speculation, minor inconsistencies and omissions, and other improper factors which are not supported by the record. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001); *see also*

---

** This disposition is not appropriate for publication and may not be cited to or by the

*Bandari v. INS,* 227 F.3d 1160, 1165–68 (9th Cir.2000).

Accordingly, we grant the petition and remand for further proceedings to determine whether, accepting petitioner's testimony as credible, he is eligible for withholding of removal. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED and REMANDED in part.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.